■ In the Matter of DARRELL WILLIAMS, Respondent, v MICHELE HARRIS, Respondent, and YVONNE HARRIS, Appellant.—Order, Family Court, New York County (Elrich A. Eastman, J.), entered December 8, 1988, which, inter alia, granted petitioner custody of his daughter, is unanimously affirmed, without costs.

After successfully obtaining an order of filiation, petitioner sought custody of his child, as against both the mother and the maternal grandmother, the respondent-appellant herein. At the hearing, testimony was taken from petitioner, his sister, the mother, the grandmother, the petitioner father's social worker, and a friend of petitioner who worked as a counselor in the child's day care center. Expert testimony was given by two psychologists of the Mental Health Services.

The trial record established that petitioner, although previously incarcerated, had at the time of the hearing been employed for three years, completed a parenting class, main-

tained close contact with his daughter and established suitable living arrangements. The record demonstrated that the mother had been and most likely remained a drug abuser and that the maternal grandmother was in reality the primary caretaker of the child. The grandmother, it was determined, had been for many years a cocaine and heroin user and was often seen under the influence of alcohol. Although the grandmother denied current drug use, her treatment program records belied those protestations and she admitted having deceived both psychologists that had examined her and who had recommended that custody remain with the grandmother. While in the grandmother's custody, the child had a school attendance record of 59 latenesses, 18 full absences and eight half-days absences in 1987 which the grandmother attributed to her need to assist her other daughter with her newborn child. Despite the child's in camera examination wherein she expressed a desire to remain with her grandmother, the court awarded custody to the father with liberal visitation rights to both the mother and grandmother. We agree.

The best interest of the child mandates that she be placed in the custody of her father. The record supports the court's finding that the father had overcome his problems and has established a stable environment for his daughter, and in view of her young age the child's preference is in no way binding (see, Obey v Degling, 37 NY2d 768). We find that in the circumstances the disclosure of appellant's medical records was necessary and material.

Finally, there is no evidence that appellant was provided with ineffective assistance of counsel (see, People v Baldi, 54 NY2d 137). Concur—Murphy, P. J., Carro, Rosenberger and Smith, JJ.